## NATIONAL LABOR RELATIONS BOARD v. BARRETT CO. et al.
### No. P–77.

District Court, S. D. Illinois, N. D.

Oct. 3, 1940.

As Amended on Filing of Order Nov. 7, 1940.

Robert B. Watts, Associate Gen. Counsel, Malcolm F. Halliday, Asst. Gen. Counsel, both of Washington, D. C., and Isaiah S. Dorfman, of Chicago, Ill., for National Labor Relations Board.

Clarence W. Heyl, of Peoria, Ill., for respondents.

ADAIR, District Judge.

This cause arising upon petition of the National Labor Relations .Board for an order to show cause why a subpoena duces tecum was not complied with on the part of the respondents, and a motion upon the part of the respondents to vacate the order heretofore entered, and the court being advised in the premises, and having heard arguments of counsel, and briefs having been submitted, doth find, as follows:

That there was filed, in accordance with law, before the National Labor Relations Board, a charge alleging that the said respondent Company was engaged in unfair labor practices within the meaning of Section 8 and Section 2 of the National Labor Relations Act, 29 U.S.C.A. §§ 158 and 152; that thereupon the said plaintiff Board, through its agents, proceeded to conduct a preliminary investigation into whether the Company's business operations were such as to bring it within the cognizance of the Act, and more particularly, whether it affected commerce within the meaning of Sections 2, 6 and 7 of the Act, 29 U.S.C.A. §§ 152, 156, 157. And thereupon, according to said petition, the said Board's agents requested the said Company to permit an examination of its books and records relating to the sources of its raw materials and destination of its manufactured products, and respondents refused to permit said examination. Thereupon, a subpoena duces tecum was issued by the said plaintiff Board directing the production of data bearing upon the question of whether or not the respondent Company was engaged in interstate commerce.

As this court understands from said petition and motion filed herein, no records were required by said subpoena except those that might have to do with determining the question of interstate commerce on the part of said respondents. The respondent Company thereupon refused to comply with the request as set forth in said subpoena duces tecum, and upon the filing of the petition herein, and the granting of the order, said respondent Company files its motion to set aside said order and alleges as defenses the following: 1. "The National Labor Relations Act does not authorize or empower the Board to issue subpoenas to compel testimony or production of documents in matters involving alleged unfair labor practices, except at a hearing duly called and held in accordance with law following the issuance of a complaint, and the subpoenas issued to respondents are therefore invalid."

Under Section 11 of the National Labor Relations Act, 29 U.S.C.A. § 161, we find the following language:

"For the purpose of all hearings and investigations, which, in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by section 9 and section 10 [sections 159 and 160 of this title]—

"(1) * * * Any member of the Board shall have power to issue subpenas requiring the attendance and testimony of witnesses and the production of any evidence that relates to any matter under investigation or in question, before the Board, its member, agent, or agency conducting the hearing or investigation. * * * Such attendance of witnesses and the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing."

Upon perusal of debates that went on at the time of the adoption of said Act, it seems certain that Congress had

in mind the investigation mentioned in said Act, as such an investigation as we find in the instant case. An investigation prior to the filing of a complaint for the purpose of determining on the part of said Board whether or not a violation of law had occurred, as set forth in the charge filed with said Board. This Act, of course, has to do only with commerce as understood under Federal Practice, and unless the respondent Company is engaged in interstate commerce the filing of a complaint by said Board would be needless and expensive to both the Government and respondent Company. Congress seemed to have this point in mind at the time of the adoption of this Act.

■ It would appear to this court, that when a subpoena sets forth the purpose of such investigation, namely, the determination of whether the respondent Company was engaged in interstate commerce, it does not request a blanket investigation, such as is referred to frequently in decisions as being contrary to the Constitution, and, therefore, this court finds that the Act itself contemplates the procedure adopted in this particular suit, and is not contrary to the Constitution of the United States.

The second defense on the part of respondents is as follows: That because no issue has been established that therefore the Act does not cover cases similar to this, namely, an investigation. It occurs to this court that the findings as to the first objection covers this objection as well.

The third objection is as follows: "The subpoenas issued to respondents seek to elicit voluminous and detailed information of a secret and confidential nature relating to the Company's business in 'star-chamber' manner, without the safeguards necessary for due process, and are unconstitutional."

■ From a perusal of cases submitted by respondent, this court cannot find any close similarity in the facts set forth in those cases and the instant case. The subpoena duces tecum in this case does not permit the unlimited power of inquisition or an unlimited right of access to accounts and books of the respondent Company, but only asks for books and exhibits to determine whether or not the respondent Company is engaged in interstate commerce which, of course, is a fundamental neces-

sity in any hearing upon complaint before said Board.

About the only case that has been cited which appears to be directly in point with the instant case, is the case of National Labor Relations Board v. West Coast Macaroni Manufacturing Company, D.C.,[1] in which the court has held that the plaintiff Board was entitled to the same relief as prayed for in this particular cause. A great deal of argument has been presented as to whether or not that case was properly argued before the court; nevertheless, some suggestion of appeal was had, and seemingly the order was complied with, and the appeal was not taken.

From the reasons above set forth, this court finds that said motion to vacate said order is denied.

Order Requiring Obedience to Subpoenas.

This matter came before this Court on the verified application of the National Labor Relations Board under Section 11 (2) of the National Labor Relations Act, 29 U.S.C.A. § 161(2), and the exhibits submitted in support thereof for an order requiring respondents the Barrett Company and R. W. Morton to comply with and obey a subpoena duces tecum and a subpoena ad testificandum, respectively, both issued by a member of the National Labor Relations Board and served upon said respective respondents. This Court, on March 8, 1940, duly issued an order requiring said respondents to show cause why an order requiring obedience to said subpoenas should not issue as requested by the Board. Respondents thereafter filed a motion to vacate said order to show cause and to quash the subpoenas set forth in the application of the Board.

Upon consideration of the said application of the Board and the said motion of the respondents and of the briefs of the parties, and on the oral argument of respective counsel for the Board and of the respondents, the Court on October 3, 1940, rendered an opinion and entered an order denying the motion of respondents to vacate the order of this Court, dated March 8, 1940. Thereafter, on October 9, 1940, respondents filed objections of respondents to findings and order entered October 3rd, 1940, and motion to amend and for additional findings. A hearing upon said objections was had on October 23, 1940.

---

[1] No opinion for publication.

Further ordered that the objections of respondents to findings and order entered October 3rd, 1940, be and the same is hereby overruled and that the said motion to amend and for additional findings be and the same is hereby denied;

Further ordered that the application of the Board for an order requiring respondents to obey the said subpoenas be and is hereby granted, and that the motion of the respondents to vacate the order to show cause and the subpoenas set forth in the application of the Board be and the same is hereby denied; and it is

Further ordered that the respondent, the Barrett Company, appear before G. L. Patterson, the Regional Director of the National Labor Relations Board, Thirteenth Region, or his agent, at the United States Post Office and Court House Building, Peoria, Illinois, on the 14th day of November, 1940, at 10 o'clock A.M. and produce at said time and place the following books, records, correspondence, and documents: "All orders, invoices, freight bills, bills of lading, shipping tickets, shipping orders, and other records, as will show the sources of materials and the volume thereof purchased or received, and the destination of products, and the volume thereof manufactured, sold, delivered, or shipped by The Barrett Company, Peoria, Illinois, for the period from January 1, 1939, to November 15, 1939."

It is further ordered that the respondent, R. W. Morton, appear before G. L. Patterson, Regional Director, Thirteenth Region, National Labor Relations Board, or his agent, at the United States Post Office and Court House Building, Peoria, Illinois, on the 14th day of November, 1940, at 10 o'clock A.M. to testify in the Matter of The Barrett Company and International Brotherhood of Firemen and Oilers, Local No. 8, Case No. XIII-C-1034; to answer at such time all questions pertaining to the above-described documents and relating to the sources and amount of materials received or purchased by respondent the Barrett Company and the destination and amount of products sold, delivered or shipped by respondent company at Peoria, Illinois, from January 1, 1939, to November 15, 1939; and to attend before the said Regional Director or his agent from day to day until his examination shall have been completed; respondents during such attendance before the said Regional Director or his agent shall have the right to have coun-

sel present; and it is further ordered that service of a copy of this order upon the respondents and each of them on or before the 7th day of November, 1940, by registered mail shall be deemed sufficient service.